UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RECTANGLE MEDICAL DENTAL PAYMENTS LLC, HARRY M. SPEAKE, III and RYAN KAGAY,

    Plaintiffs,

-against-

RETRIEVER MEDICAL/DENTAL PAYMENTS LLC D/B/A RECTANGLE HEALTH and SCOTT LoPRESTI,

    Defendants.

---

Case No.: 7:21-CV-03378-CS

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the Court having found at the hearing on January 27, 2023 that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the production of highly confidential documents and thus the Parties to the above-captioned action (the "Action") having agreed to the following terms of confidentiality, it is hereby ORDERED:

1. Defendant may designate any contracts and/or agreements underlying its preferred relationships and third party endorsements, marketing materials concerning its preferred relationships and third-party endorsements, documents concerning pricing guidelines and/or structures for its preferred relationships and third party endorsements and/or communications related thereto which may be produced pursuant to Judge Davison's January 27, 2023 Order in this Action regarding endorsements and referral relationships, ("Discovery Material") in whole or in part, as highly confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to the commercial, financial, strategic, and/or business interests of the designating party. Discovery Material

designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."

2. Any Discovery Material stamped "HIGHLY CONFIDENTIAL" ("Highly Confidential Information") will be used solely for purposes of the prosecution or defense of the Action and for no other purpose whatsoever.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Highly Confidential Information.

4. Highly Confidential Information shall not be disclosed to any person, except:
    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and any in-house counsel for the parties;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Outside consultants or experts retained by outside counsel assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and provided they have been provided a copy of this Protective Order and informed of the restrictions on use and disclosure imposed by it and have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;
    d. The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court); and
    e. Any person who appears to have authored or received a copy of the Highly Confidential Information.

5. The disclosure of a document or information without designating it as "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Highly Confidential Information. If so designated,

the document or information shall thenceforth be treated as Highly Confidential Information subject to all the terms of this Stipulation and Order.

6. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

7. Pursuant to Federal Rule of Evidence 502, the production of privileged or workproduct protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8. Defendant shall not utilize any documents stamped "Highly Confidential" as an exhibit for any deposition of plaintiff or plaintiff's employees without first apprising plaintiff's counsel of the intention to do so identifying each specific item at least two business days prior to the deposition. Such notice shall be tantamount to a waiver of the prohibition of such witness being permitted to review such discovery and shall be permitted to do so in preparation thereof.

9. If any party desires to file any papers with the Court that include, refer to, or rely upon Highly Confidential Information, the parties shall follow the Court's procedures with respect to filing under seal to protect the Highly Confidential Information from public disclosure.

10. Within ninety (90) calendar days of the final disposition of the Action (whether by entry of a final order of dismissal, judgment, settlement, disposition on appeal, or otherwise, and where the time for any further appeals has expired), Highly Confidential Information and any copies thereof shall be promptly returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.  If, at any time, any person other than the party who designated the Highly Confidential Information reasonably believes s/he or it must produce Discovery Material designated Highly Confidential in response to a subpoena or other compulsory process, the person to whom the subpoena or request is directed shall, except where prohibited by law, notify the designating party by email within seven (7) calendar days of receipt of the subpoena or request and afford the party that designated the Discovery Material Confidential an opportunity to try to protect his/her/its confidentiality interest prior to disclosure contrary to this Confidentiality Order.

12. This Stipulated Protective Order shall survive the termination of the Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

13. This Confidentiality Order shall become effective immediately upon the parties' execution of it even though prior to approval by the Court.

Dated: New York, New York
March 14, 2023

SIMMONS JANNACE DELUCA, LLP
43 Corporate Drive
Hauppauge, New York 11788-2048
Telephone: (631) 873-4888
Facsimile: (631) 873-4889

By: _____
Sal F. DeLuca
sdeluca@sjdfirm.com

*Attorney for Plaintiffs*

GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile (212) 355-3333

By: *Gabrielle Gould*

Jeffrey A. Simes
Gabrielle L. Gould
JSimes@goodwinlaw.com
GGould@goodwinlaw.com

*Attorneys for Defendant*

Dated: March 16, 2023

**SO ORDERED:**

_____
HONORABLE PAUL E. DAVISON
United States Magistrate Judge

ACTIVE/122191528.1

# EXHIBIT A

UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

RECTANGLE MEDICAL DENTAL PAYMENTS
LLC, HARRY M. SPEAKE, III and RYAN
KAGAY,

    Plaintiffs,

 -against-             Case No.: 7:21-CV-03378-CS

RETRIEVER MEDICAL/DENTAL PAYMENTS
LLC D/B/A RECTANGLE HEALTH and SCOTT
LoPRESTI,

    Defendants.

------------------------------------------------------------

I, _____, being duly sworn, state that:

 1. My address is _____

 2. My present employer is _____ and the address of my present employment is _____.

 3. My present occupation or job description is _____

 4. I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

 5. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Highly Confidential Discovery Material or any words, summaries, abstracts, or indices of Highly Confidential Discovery Material disclosed to me.

 6. I will limit use of Highly Confidential Discovery Material disclosed to me solely for purpose of this action.

 7. No later than the final conclusion of the case, I will return all Highly Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and

ACTIVE/122191528.1

documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____
                                                                                                    [Signature]