UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RECTANGLE MEDICAL DENTAL PAYMENTS, LLC,
HARRY M. SPEAKE, III and RYAN KAGAY,

                             Plaintiffs,

                - against -

**ORDER**

No. 21-CV-3378 (CS)

RETRIEVER MEDICAL DENTAL PAYMENTS, LLC,
D/B/A RECTANGLE, HEALTH

                           Defendant.
------------------------------------------------------------------------x

Seibel, J.

      Before the Court are Plaintiffs' objections, (ECF No. 148 ("Obj.")), to Magistrate Judge Paul E Davison's April 14, 2023 oral order, (*see* ECF No. 148-1 ("Tr.") at 41, 60), denying Plaintiff's motion to compel production of documents relating to: 1) Defendants' internal valuation of its third party endorsements and preferred relationships; and 2) an alleged dedicated account representative group for clients of consulting services partners. Familiarity with the claims in the case and the proceedings before the Magistrate Judge is presumed.

      Federal Rule of Civil Procedure 72(a) provides that a district court must "modify or set aside any part of [a magistrate judge's] order [on a nondispositive matter] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "Discovery matters, such as orders compelling the production of documents, 'generally are considered nondispositive of the litigation.'" *Cohen v. City of New York*, No. 05-CV-6780, 2007 WL 2789272, at *3 (S.D.N.Y. Sept. 25, 2007) (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S.

1

364, 395 (1948).  A ruling is "contrary to law" if the magistrate judge "failed to apply or misapplied relevant statutes, case law or rules of procedure."  *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (cleaned up).  "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion."  *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up).  This "highly deferential" standard "imposes a heavy burden on the objecting party."  *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018).

Plaintiffs have not shown that Judge Davison – who was "well acquainted with the entire course of discovery in this case," *Ehret v. New York City Dep't of Soc. Servs.*, 102 F.R.D. 90, 92 (E.D.N.Y. 1984) – abused his discretion in denying the relief Plaintiff seeks.  Plaintiffs have not shown how Defendants' internal valuation of the endorsements and relationships would shed light on whether they breached any obligation to share those endorsements and relationships.  Nor have they shown how those valuations were relevant to Plaintiff's theory of damages, which was based on Plaintiffs' projected sales.  Judge Davison was intimately familiar with the damages model, having presided over numerous disputes regarding it, and he carefully parsed which of Plaintiffs' requests related to that model, ordering Defendants to produce several categories of documents.  It cannot be said that he abused his discretion in concluding that in the circumstances here, the value of the endorsements and relationships to Defendant would not assist Plaintiffs in showing their damages from the portion of those endorsements and relationships Defendant are alleged to have withheld.  The internal valuation was simply not an input into Plaintiff's calculation.

Nor did Judge Davison abuse his discretion in declining to order production of documents relating to Defendant's claim on its website that consulting services partners' clients would "have access to a specialized, dedicated account representative group that is available for staff training, equipment set-up, system implementation and technical assistance." (ECF NO. 161 at 7.) Plaintiffs argue that because their clients were not given access to this assistance, Defendant breached its obligation to provide them with the "full use" of the third-party endorsements and relationships. Assuming for the sake of argument that third-party endorsement and relationships include consulting services partners, Judge Davison reasonably concluded that discovery regarding a generalized statement like the one quoted, to which Plaintiffs had access at the time, would not "move[] the needle," (Tr. at 60), enough to justify the burden Defendants contended it would entail, (*see id.* at 59-60 (analogizing statement to law firm advertising that a team of lawyers would be dedicated to client's case, and stating, "I don't know how to produce documents concerning that.")). Further, Defendant represents that there was no such specific group for consulting services partners. (ECF No. 161 at 8.) Should that turn out not to be so, Plaintiffs may revisit the issue. But on the current record, Judge Davison – who was familiar with the extensive discovery regarding the third party endorsements and preferred relationships already provided – reasonably concluded that production of the requested documents was not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Accordingly, Plaintiff's objections are overruled and the challenged April 14 ,2023 decisions of Magistrate Judge Davison are AFFIRMED.

**SO ORDERED.**

Dated: May 30, 2023
       White Plains, New York

                                                _____
                                                  CATHY SEIBEL, U.S.D.J.